[Cite as *State v. Foster*, 2013-Ohio-1174.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98224

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TRAVIS S. FOSTER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-537281,   CR-542068,
CR-543148, and CR-544799

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 28, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113-1901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Stephanie L. Lingle
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Travis S. Foster appeals his sentence. For the following reasons, we affirm.

{¶2} The present case concerns Foster's sentencing in four separate cases in which he entered guilty pleas. In Cuyahoga C.P. No. CR-537281, Foster pleaded guilty to attempted trafficking in drugs in violation of R.C. 2923.02 and 2925.03. In CR-542068, Foster pleaded guilty to trafficking in drugs in violation of R.C. 2925.03(A)(1). In CR-543148, Foster pleaded guilty to attempted assault in violation of R.C. 2923.02 and 2903.13 and intimidation of a crime victim or witness in violation of R.C. 2921.04(B). Finally in CR-544799, Foster pleaded guilty to intimidation in violation of R.C. 2921.03(A).

{¶3} On February 28, 2011, the trial court sentenced Foster in CR-537281 to a jail term of 6 months. In CR-542068, Foster was sentenced to a prison term of 12 months. In CR-543148, Foster was sentenced to a prison term of 12 months on the attempted assault charge and 2 years on the intimidation of a crime victim or witness charge. In CR-544799, Foster was sentenced to a prison term of 2 years. The trial court ordered that the prison terms for each count in CR-544799, CR-543148 and CR-537281 be served consecutively to each other for a cumulative prison term of 6 years.

{¶4} On May 9, 2012, this court granted Foster's motion for a delayed appeal.

Foster asserts the following sole assignment of error:

## Assignment of Error I

> The trial court abused its discretion by sentencing the appellant to consecutive sentences in violation of the appellant's Fifth Amendment right to due process.

{¶5} Since Foster was sentenced in February 2011, which was prior to the September 30, 2011 effective date of H.B. 86, we apply the two-step approach for reviewing felony sentences set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we must determine whether a sentence is contrary to law. *Id.* Then, if the sentence was not contrary to law, we review to determine whether the trial court abused its discretion in selecting sentences within the range permitted by statute. *Id.* at ¶ 17.

{¶6} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶7} Here, Foster concedes that his sentence is not contrary to law in that it is within the permissible statutory range and that the trial court considered the applicable

factors and principles contained in R.C. 2929.11 and 2929.12. Indeed, the transcript of Foster's sentencing hearing and the trial court's sentencing entry reflect that the court considered all required factors of law. Instead, Foster argues under the second prong of *Kalish* that the trial court abused its discretion in applying the factors in R.C. 2929.11 and 2929.12 to his case and imposing consecutive sentences. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶8} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) requires a felony sentence to be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶9} In the present case, the trial court incorporated into the record a detailed presentence investigation report ("PSI"). With respect to the seriousness of Foster's

offenses, the PSI references police reports of Foster's encounters with law enforcement in these cases. The PSI indicated that Foster, pursued on foot by Cleveland Police officers, kicked a fence causing an exposed nail to puncture an officer's knee necessitating treatment at MetroHealth Medical Center. The PSI further indicates that Foster, on another occasion, told officers he was familiar with them, would find out where they live and kill them and their families. A letter from one of the arresting officers referenced by the trial judge at sentencing, and contained in the record, reiterates the PSI's description of the personal threats to the officers and their families.

{¶10} The trial court additionally noted Foster's extensive juvenile and criminal history, including "robberies, assaults, vandalisms, assault on a police dog, obstructing of official business, driving under the influence, aggravated menacing, felonious assault, resisting arrest" stretching from 1998 to the present. The PSI reported that Foster, age 25, had accumulated "eight juvenile convictions, four prior felony convictions and numerous misdemeanor convictions in local area courts." The PSI indicates that Foster violated several prior community control sanctions resulting in periods of incarceration.

{¶11} On the day of sentencing, Foster cited his drug addiction as the source of his criminal troubles. However, during his interview for the PSI, Foster denied having a drug or alcohol problem and maintained that he did not need treatment as part of his sentence. The record indicates that Foster previously had been placed into in-patient drug treatment programs by the court in 2007 and 2009.

{¶12} Based on these facts, we do not find that Foster's sentence was

unreasonable, arbitrary or unconscionable.

{¶13}   Appellant's sole assignment of error is overruled.

{¶14}   The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.   The defendant's convictions having been affirmed, any bail pending appeal is terminated.   The case is remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR